# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18-cv-15-FDW

| | |
|---|---|
| EDDRICCO LI-SHAUN BROWN-BEY, ) | |
| Plaintiff, ) | |
| vs. ) | |
| ERIK A. HOOKS, et al., ) | **ORDER** |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2).

## I. BACKGROUND

Pro se Plaintiff Edricco Li'shaun Brown-Bey, currently incarcerated at Bertie Correctional Institution after being convicted as a habitual felon in both Gaston County and Mitchell County, North Carolina, filed this action on January 22, 2018, pursuant to 42 U.S.C. § 1983, and numerous other federal statutes. Plaintiff has named various individuals and entities as Defendants, including North Carolina sheriffs, a state court judge, a state court magistrate, state district attorneys, the State of North Carolina, and the North Carolina Department of Justice. In a rambling and often nonsensical, pro se Complaint, and in his numerous exhibits attached to the Complaint, Plaintiff declares that he is a "Moorish American National," that he is therefore not subject to the laws of the United States or of any State, and that his convictions in Gaston County and Mitchell County are therefore illegal and constitute "hostage taking, genocide, treason, human trafficking, kidnapping, denationalization, peonage, [and] slavery."

See (Doc. No. 1 at 16). As relief, Plaintiff seeks immediate release from state custody, as well as $17 million in compensatory damages.

## II. STANDARD OF REVIEW

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Complaint is wholly frivolous. First, Plaintiff simply does not assert a case or controversy for the Court to adjudicate. Plaintiff's Complaint is simply a tome on why he believes he is not subject to the laws of the United States or of the individual States by virtue of his membership as an Indigenous Moorish American National and that his current conviction is

illegal. The path of the Moorish National Movement is well-trodden. Over and over again, courts have rejected arguments such as Plaintiff's by individuals who claim to be a part of this movement. Hampton v. City of Durham, No. 1:10cv706, 2010 WL 3785538, at *2-3 (M.D.N.C. Sept. 22, 2010) (unpublished) (collecting cases). In sum, Plaintiff's Complaint is dismissed as frivolous.

### IV. CONCLUSION

Plaintiff's Complaint is a frivolous filing and will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2), is **GRANTED** for the limited purpose of allowing the Court to enter this order of dismissal.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** as frivolous.

3. The Clerk is directed to terminate this case.

Signed: January 26, 2018

Frank D. Whitney
Chief United States District Judge